UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER H. WILLIS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOS ANGELES POLICE DEPT., ET AL.,<br><br>　　　　　　　　　Defendants. | Case No. CV 16-8349-RGK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

　　Plaintiff Tyler H. Willis ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants Officer Secor, #40608, and the Los Angeles Police Department ("Defendants") violated his Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiff additionally asserts a state law claim against Defendant Secor for negligence.[1]  As discussed below, the Court dismisses the Complaint with leave to amend.

---

[1] Plaintiff appears to bring the state law claim against Defendant Secor only.  See ECF Docket No. ("Dkt.") 1 at 5.  However, because California law recognizes the doctrine of respondeat superior liability pursuant to California Government Code,

## II.

## **ALLEGATIONS IN COMPLAINT**

According to the Complaint, on January 20, 2016, around 11:00 PM, Defendant Secor shot Plaintiff in the back with a taser causing Plaintiff to fall off the edge of a building. Dkt. 1 at 3. Plaintiff alleges Defendant Secor did not issue any warning or consider alternative options prior to firing the taser. Id. at 4. Plaintiff claims there was no immediate threat to anyone's safety which would require the use of force. Id. at 5. As a result of Defendant Secor's actions, Plaintiff suffered injuries to his head, face, and upper body. Id. at 4. Consequently, Plaintiff seeks compensatory damages to cover the full extent of his injuries. Id. at 6.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

section 815.2, it is unclear whether Plaintiff is also attempting to assert a state law claim against Defendant Los Angeles Police Department.

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

## PLAINTIFF FAILS TO STATE A <u>MONELL</u> CLAIM AGAINST DEFENDANT LOS ANGELES POLICE DEPARTMENT

**A.  APPLICABLE LAW**

Respondeat superior liability does not exist under Section 1983. <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Consequently, an entity is liable only for allegations of constitutional violations that arise from an official policy or longstanding custom. <u>Id.</u>  A plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. <u>Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) citing <u>Arnold v. Int'l Bus. Machines Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981)).

///

///

**B. ANALYSIS**

Here, Plaintiff fails to state a Section 1983 claim against Defendant Los Angeles Police Department. Plaintiff has not set forth any allegations identifying a policy, practice, or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See <u>Trevino</u>, 99 F.3d at 918. Absent any allegations, the federal claim against Defendant Los Angeles Police Department must be dismissed.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will

treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

    2.    Alternatively, Plaintiff may voluntarily dismiss Defendant Los Angeles Police Department only, pursuant to Federal Rule of Civil Procedure 41(a).

    3.    Alternatively, Plaintiff may voluntarily dismiss the entire action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if Plaintiff chooses option two or three.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to allege insufficient facts to state a claim. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: November 16, 2016

/s/ Kenly Kiya Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge